1  PETER K. CHU (SBN 251705)
2  peterchu@hungchulaw.com
   BENJAMIN HUNG (SBN 275361)
3  benjaminhung@hungchulaw.com
   LAW OFFICES OF HUNG & CHU
4  601 W. 5th Street, Suite 800
5  Los Angeles, CA 90071
   Telephone: (213) 225-5878
6  Facsimile: (310) 733-5670

7  Attorneys for Plaintiffs
   TRITAPORN SIRISUP and
8  SIRISUP, INC.

9

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13  TRITAPORN SIRISUP, an individual; and      CASE NO.:
    SIRISUP, INC., a California corporation,
14                                             CV13-07246-DDP (PJWx)
15              Plaintiffs,                     COMPLAINT FOR:
                                               1. FEDERAL SERVICE MARK
16         v.                                     INFRINGEMENT
                                               2. FEDERAL UNFAIR COMPETITION
17  IT'S THAI, L.L.C., a California limited    3. FALSE DESIGNATION OF ORIGIN
18  liability Company; IT'S THAI CANTEEN,      4. DILUTION
    L.L.C., a California limited liability     5. TRADE DRESS INFRINGEMENT
19  Company, RURK SUPTHONG, an                 6. STATE COMMON LAW SERVICE
    individual; SIRIN RANGSIYACHAT, an            MARK INFRINGEMENT
20  individual; and DOES 1 through 10.         7. UNFAIR COMPETITION UNDER
21                                                CA BUSINESS & PROFESSIONS
                                                  CODE §17200 *et seq.*
22              Defendants.
23                                             DEMAND FOR JURY TRIAL

24

25      Plaintiffs TRITAPORN SIRISUP and SIRISUP, INC. ("Plaintiffs," collectively or

26  individually unless specified otherwise) hereby assert this Complaint against IT'S THAI,

27  LLC, a California limited liability company, IT'S THAI CANTEEN, LLC, a California

28  limited liability company, RURK SUPTHONG, and SIRIN RANGSIYACHAT,

                                      -1-

                                                          COMPLAINT



demanding a trial by jury, and allege as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over the claims in this action that are related to infringement of trademarks under 15 U.S.C. § 1114; false designations of origin and trade dress infringement under 15 U.S.C. §1125(a); and trademark dilution under 15 U.S.C. § 1125(c).

2.     This Court has supplemental jurisdiction over the claims in this Complaint that arise under the statutory and the common law of the State of California pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

3.     Upon information and belief, this Court has personal jurisdiction over the Defendants because the Defendants reside in this district and/or by virtue of their having contacts sufficient to subject them to personal jurisdiction. In addition, venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE PARTIES

4.     Plaintiff TRITAPORN SIRISUP ("Tritaporn") is and was, at all relevant times, an individual residing in the County of Los Angeles, California.

5.     Plaintiff SIRISUP, INC. (the "Corp") is and, at all relevant times, was a corporation organized under the laws of the State of California with its principal place of business located at 5833 Franklin Avenue, Los Angeles, California.

6.     Upon information and belief, Defendant IT'S THAI, LLC ("LLC") is and, at all relevant times, was a California limited liability company with its principal place of business in the County of Los Angeles, California.

7.     Upon information and belief, Defendant IT'S THAI CANTEEN, LLC ("CANTEEN") is and, at all relevant times, was a California limited liability company

with its principal place of business in the County of Los Angeles, California.

8. Upon information and belief, Defendant RURK SUPTHONG ("Supthong") is and, at all relevant times, was a resident of the County of Los Angeles, California.

9. Upon information and belief, that Defendant SIRIN RANGSIYACHAT ("Rangsiyachat") is and, at all relevant times, was a resident of the County of Los Angeles, California. Upon information and belief, Rangsiyachat is the wife or a cohabitant of Supthong.

10. Plaintiffs are presently unaware of the true names and capacities of Defendants sued as Does 1 through 10, inclusive, and therefore sue those Defendants by such fictitious names. Plaintiffs will ask leave of this court to amend this complaint to show their true names and capacities when Plaintiffs ascertain them. Upon information and belief, Does 1 through 10 were responsible in some manner for the occurrences, acts, and omissions alleged, and that Plaintiffs' damages were proximately caused by their conduct.

11. Upon information and belief, there exists and, at all times herein mentioned, there existed a unity of personnel, commingling of assets, commonality of business objectives, interest, and ownership among Defendants LLC, CANTEEN, Supthong, and Rangsiyachat such that any individuality and separateness among LLC, CANTEEN, Supthong, and Rangsiyachat have ceased, and Defendants are now the alter egos for one another, in that, upon information and belief:

　　　　i. Supthong and/or Rangsiyachat have completely controlled, dominated, managed, and operated LLC and/or CANTEEN for their sole and exclusive benefit;

　　　　ii. Supthong and/or Rangsiyachat have commingled assets of LLC and/or CANTEEN with his, her, or their own personal assets to suit his, her, or their needs and convenience;

　　　　iii. Supthong and/or Rangsiyachat completely dominated and controlled LLC and/or CANTEEN;

iv.   Supthong and/or Rangsiyachat have controlled and operated LLC and/or CANTEEN as a device to avoid the individual, agency, and respondeat superior liability.  Upon information and belief, Supthong and/or Rangsiyachat committed additional acts and omission sufficient to impose alter ego liability of which Plaintiffs are presently unaware.

12.    Upon information and belief, adherence to the fiction of the separate existence of LLC and/or CANTEEN as an entity distinct from Supthong and/or Rangsiyachat would permit and sanction a fraud in that LLC, CANTEEN, Supthong, and Rangsiyachat would not have to adhere to the terms of the contracts and non-compete covenant and promote injustice in that they would benefit from infringement of Plaintiffs' intellectual property, unfair competition, and deceptive business practices as set forth below.

13.    At all times herein mentioned, each Defendant was the agent, employee or co-conspirator of each of the remaining Defendants, and in doing the things herein mentioned, each Defendant was acting within the course and scope of its employment and authority as such agent and/or representative and/or employee and/or coconspirator, and with the consent of the remaining Defendants.

14.    Whenever appearing in this Complaint, each and every reference to "Defendants" or to any of them, is intended to be and shall be a reference to all defendants, and to each of them, named and unnamed, including all fictitiously named defendants.

15.    Whenever appearing in this Complaint, each and every reference to "trademark" is intended to be and shall be a reference to "trademark" or "service mark" as defined in the Lanham Act.

## FACTS COMMON TO ALL CLAIMS
### Plaintiffs' Service Mark

16.    Plaintiffs are the owner of a restaurant named "PIMAI IT'S THAI," located at 5833 Franklin Avenue, Los Angeles, CA 90028 (the "Restaurant").  The Restaurant

has been serving quality Thai food at current location since August, 2007 for people in the community and those from out-of-state and from another country.

17.     Beginning in or about August, 2008, Plaintiffs acquired the Restaurant from Defendant Supthong when he and Damrong Plobmuang ("Plobmuang") and Sirirat Hongthong, three owners of the restaurant business PIMAI THAI CUISINE decided to sell the Restaurant to Wattana Luangsuwimon, Plobmuang, and Plaintiff Tritaporn ("the Partnership").

18.     On or about August 18, 2008, the parties entered into an escrow agreement through JADE ESCROW, which drafted the BULK SALE ESCROW INSTRUCTIONS (the "ESCROW").  A true and correct copy of the ESCROW is attached and incorporated herein as Exhibit "1."

19.     On page 1, the Escrow identifies as Seller the following people: HONGTHONG SIRIRAT, SUPTHONG RURK and PLOBMUANG DAMRONG.  It also identifies WATTANA LUANGSUWIMON, TRITAPORN SIRISUP and PLOBMUANG DAMRONG as Buyer. *See Exhibit 1, page 1 of the Escrow.*

20.     Below the identification section, the ESCROW states the following:

> The subject of this escrow is the sale of that certain personal property consisting of the stock in trade, the fixtures, equipment, **trade name and goodwill** of that certain Restaurant business now owned and heretofore conducted by Seller at 5833 Franklin Avenue, Los Angeles, CA 90028 and known as PIMAI THAI CUISINE. *See Exhibit 1, page 1 of the Escrow (emphasis added).*

21.     On page 2 of the ESCROW, under DISCLOSURES ONLY, WITH WHICH ESCROW HOLDER IS NOT TO BE CONCERNED:  the ESCROW states "[a]s part of the total consideration herein paid, the sellers **do covenant** to the Buyer that they will not compete, either directly or indirectly, in a similar business within **a radius of 5 miles** for

a term of 10 years from date of possession." *See Exhibit 1, page 2 of the Escrow (emphasis added).*

22.   The paragraph 3 under ADDITIONAL INSTRUCTIONS, states that the purchase price includes "goodwill/trade name, and **covenant not to compete**," in addition to the goods and fixtures.  *See Exhibit 1, page 1 of the Escrow (emphasis added).*

23.   Supthong executed the ESCROW by signing it as Seller. *See Exhibit 1, page 3 of the Escrow.*

24.   Supthong also initialed each page of the ESCROW, including page 1, 2, and 3, acknowledging the terms delineated within each page.

25.   On or about November 13, 2008, the ESCROW was closed successfully as evidenced by BUYER FINAL CLOSING STATEMENT in the ESCROW. *See Exhibit 1.*

26.   Plaintiffs adopted and continued to use the service mark "PIMAI IT'S THAI" (the "Service Mark") and has used it continuously in interstate commerce.

27.   Plaintiffs have registered "PIMAI IT'S THAI" as a service mark with U.S.P.T.O. Registration No. 4394561for International Class 043 for restaurant services, including sit-down service of food and take-out restaurant services (U.S. Class 100 and 101).  A true and correct copy of the registration certificate is attached and incorporated herein by reference as Exhibit "2."

28.   Plaintiffs have continuously been using the Service Mark to identify the Restaurant and their restaurant business and to distinguish them from the business of others.

29.   Plaintiffs' Service Mark has acquired a secondary meaning because it has been used exclusively to identify Plaintiffs' Restaurant so as to indicate their goods or business and theirs alone through extensive advertising in printed materials and on the Internet.

//

//

**COMPLAINT**

**Plaintiffs' Trade Dress**

30.     Plaintiffs' Restaurant sports a non-functional, distinctive appearance that has become distinctive.

31.     Instead of emphasizing the ethnicity of Thailand, the Restaurant shows off a harmony of old-fashioned exterior with a modern, contemporary interior.  Specifically, the restaurant features an earth-tone wood exterior, accented by a series of rectangular glass windows and green plants, complemented by a dim interior illuminated by bulbous, flute-shaped lighting fixtures and by modern furnishings and tables ("Trade Dress").

32.     As a result of extensive advertising in printed materials and on the Internet, Plaintiffs have built up and now own valuable goodwill that is symbolized by Plaintiffs' Trade Dress.  As a result, Plaintiffs' Trade Dress is distinctive and non-functional and has acquired a secondary meaning because it has been used exclusively to identify Plaintiffs' Restaurant so as to indicate their goods or business and theirs alone through extensive advertising and marketing.

**Defendants' Unlawful Activities**

33.     Unbeknownst to Plaintiffs, Defendants secretly began their unlawful activities in or about September, 2008, while the parties were still in escrow for sale and purchase of the Restaurant.

34.     Specifically, Plaintiff discovered in 2011 that Defendant Supthong formed "It's Thai, LLC" and filed the Article of Organization with the office of the Secretary of State of California on or about September 29, 2008, while the parties were still in ESCROW.  A true and correct copy of the business name record search from the California's Secretary of State's web site is attached and incorporated herein by reference as Exhibit "3."

35.     Defendants steadfastly concealed from Plaintiffs their intent to use the name confusingly similar to the Service Mark, and Defendant Supthong received his portion of the purchase price of the Restaurant and subsequently closed the Escrow.

36.     Upon information and belief, Defendant Supthong named the LLC as "It's

Thai, LLC" with preconceived intent to open restaurants using the name "It's Thai," in spite of the fact that the purchase price included the the trade name and good will associated with the Restaurant.

37.     Sometime in 2010, Plaintiffs also discovered that Defendants opened a Thai restaurant at 1311 N. Glendale Boulevard, in Los Angeles, California, within a 5 mile radius of Plaintiffs' Restaurant in or about 2009, in a clear breach of the non-compete covenant in the Escrow.

38.     Moreover, of all possible names or words in Thai or in English, Defendants named his new restaurant "*It's Thai* Hometaurant" and proceeded to decorate the restaurant to appear confusingly similar to Plaintiffs' Restaurant.  Furthermore, more than 60% of the items on the menu at It's Thai Hometaurant are identical to the items on the menu at Plaintiffs' Restaurant.

39.     In addition to using the name confusingly similar to Plaintiffs' valuable Service Mark for their new restaurant, Defendants used the confusingly similar designs and decorations for the exterior and interior of their new restaurant.

40.     In 2010, Defendant took another slice of the goodwill of Plaintiffs' business and Service Mark by opening another restaurant, again within a 5-mile radius of Plaintiffs' Restaurant, at 3407 W. 6th Street in Los Angeles, California.  Again of all possible names or words in Thai or in English words, Defendant called it "*It's Thai* Noodle N' More."  Again, more than 50% of the items on its menu are identical to those on the menu of the Plaintiffs' Restaurant.

41.     Furthermore, Defendants formed formed CANTEEN and filed the Article of Organization with the office of the Secretary of State of California on or about January 19, 2012, while the law suit against them for the infringement of Plaintiff's Service Mark was still pending.  A true and correct copy of the business name search from the California's Secretary of State's web site is attached and incorporated herein by reference as Exhibit "4."

42.     Upon information and belief, Defendants wanted to utilize the goodwill

**COMPLAINT**

associated with Plaintiffs' business and their Service Mark to hijack Plaintiffs' business revenue streams by the employment of confusing means, to ride the goodwill and business reputation coattails of Plaintiffs, and to take advantage of confusion in the marketplace to make money from unwitting consumers who believe that they are enjoying the service from Plaintiffs, a rightful service mark owner.

### The Superior Court Action

43.    After seeking an advice of a counsel, Plaintiffs sent a "cease and desist" letter to Defendant Supthong on or July 29, 2011, demanding that Supthong immediately stop infringing on Plaintiffs' Service Mark.  Supthong did not relent and refused to stop his unlawful conduct.

44.    After exchanging a few letters with Supthong's attorney, which failed to resolve the dispute, Plaintiffs filed a Complaint against Supthong and LLC with the Los Angeles Superior Court on or about October 7, 2011 (the "Superior Court Action"). Plaintiffs alleged, among others, breach of non-compete covenant and unfair competition pursuant to common law and California Business and Professions Code §17200 *et seq*. resulting from the defendants' infringement of Plaintiffs' trade name. (Los Angeles Superior Court Case No. BC471074).

45.    Prior to trial, on or about October 2, 2012, the parties agreed to settle the entire dispute except for the matters related to the trademark and trade name issues ("the Settlement").  The parties promptly executed the Settlement and Stipulation for Entry of Judgment upon Supthong's and LLC's failure to comply with the terms of the Settlement.

46.    After a full and complete satisfaction of the terms of the Settlement, the parties were to litigate the matters regarding the Service Mark.

47.    On or about April 12, 2013, Plaintiffs filed a Request for Dismissal of the Superior Court Action.

### Service Mark Opposition

48.    On or about July 8, 2011, while contemplating a law suit against Defendants, Plaintiffs submitted an application to register the Service Mark with United

States Patent and Trademark Office ("USPTO").

49.     On or about September 3, 2011, after receiving Plaintiffs' "cease-and-desist" letter, LLC filed an application to register "It's Thai," "It's Thai Hometaurant," and "It's Thai Noodle N More" as trademarks.  Exhibit "5" represents true and correct copies of results returned from Trademark Electronic Search System ("TESS").

50.     However, USPTO suspended LLC's application pending the outcome of Plaintiffs' application to register the Service Mark. Subsequently, LLC filed an opposition to Plaintiffs' application on or about May 9, 2012 (the "Opposition") with the Trademark Trial and Appeal Board ("USTTAB").  A true and correct copy of the Opposition is attached and incorporated herein as Exhibit "6."

51.     LLC based its Opposition on the following grounds:

(1) Prior use dating back as early as 2006 *See Exhibit "6," Opposition, para. 5*; and

(2) Likelihood of confusion. *See Exhibit "6," Opposition, para. 9.*

52.     The parties sought and were granted a suspension of the Opposition action pending the outcome of the Superior Court Action.

53.     Upon dismissal of the Superior Court Action after reaching the Settlement, Plaintiffs filed a motion to resume, and USTTAB granted their motion on June 25, 2013.

54.     After preventing Plaintiffs' application to register the Service Mark with their Opposition, Defendants all of a sudden withdrew their Opposition on July 3, 2013.

55.     Subsequently, on July 30, 2013, USTTAB dismissed the Opposition **with prejudice**.

56.     As a result of Defendants' continued refusal to cease their infringement of Plaintiffs' Service Mark and Trade Dress, Plaintiffs have suffered and will continue to suffer damages to their goodwill and reputation.

//

//

//

# FIRST CLAIM FOR RELIEF

## FEDERAL SERVICE MARK INFRINGEMENT; 15 U.S.C. §1114

(Against All Defendants)

57.    Plaintiffs repeat and incorporate by this reference each and every allegation in the above paragraphs as though fully set forth herein.

58.    Plaintiffs are the owner of the Service Mark for restaurant services, including sit-down service of food and take-out restaurant services in Class 043.

59.    Defendant Supthong surrendered any right to the Service Mark when he transferred the goodwill/trade name of the Restaurant to Plaintiffs in exchange for the purchase price under the Escrow in or about August 2008.

60.    Defendants' use of "IT'S THAI" in 'IT'S THAI, LLC" and "IT'S THAI CANTEEN, LLC," "IT'S THAI HOMETAURANT," "IT'S THAI NOODLE N MORE," (the "Infringing Marks") in connection with their restaurant services subsequent to Plaintiffs' superior and prior use is without permission or authority of the Plaintiffs and said use is likely to cause confusion, to cause mistake and/or to deceive, especially considering the fact that Plaintiffs' Service Mark and Defendants' Infringing Marks are used in connection with the identical services, namely, restaurant services.

61.    DefendantS' use of the Infringing Marks in connection with their restaurant services has been made notwithstanding Plaintiffs' well-known and prior established rights in the Service Mark and with both actual and constructive notice of Plaintiffs' rights.

62.    Plaintiffs are informed and believes, and thereon alleges, that as a result of Defendants' willful infringement of Plaintiffs' Service Mark through the unauthorized use of their confusingly similar service marks, Defendants have profited and will profit in the future from the restaurant services that use reproductions, copies, or colorable imitation of Plaintiffs' Service Mark, thereby entitling Plaintiffs to an award of Defendants' profits, damages to Plaintiffs in an amount to be proved at trial, enhanced damages, attorneys' fees and the costs of this action, pursuant to 15 U.S.C. §1117(a).

63.   Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiffs' business, reputation, and good will in its Service Mark. Plaintiffs have no adequate remedy at law, entitled Plaintiffs to injunctive relief pursuant to 15 U.S.C. §1116(a).

**SECOND CLAIM FOR RELIEF**

**<u>FEDERAL UNFAIR COMPETITION</u>**

(Against All Defendants)

64.   Plaintiffs repeat and incorporate by this reference each and every allegation in the above paragraphs as though fully set forth herein.

65.   Defendants' acts and conduct, as alleged herein, are business practices likely to deceive or confuse the purchasing public and trade upon Plaintiffs' reputation, both as to the source, origin, sponsorship, and approval of the goods and services provided and as to the affiliation, connection, or association of Defendants with Plaintiffs.

66.   Defendants' use of their Infringing Marks and their trade dress that are confusingly similar to Plaintiffs' Service Mark and Trade Dress is intentionally designed to mimic Plaintiffs' restaurant services so as to likely cause confusion regarding the source of Defendants' services, in that purchasers thereof will be likely to associate or have associated such services with, as originating with, or as approved by Plaintiffs, all to the detriment of Plaintiffs.

67.   Therefore, Defendants' acts and conduct constitute acts of unfair competition in violation of 15 U.S.C. § 1125(a).

68.   Plaintiffs are informed and believe, and upon that basis allege, that each of Defendants' respective acts of unfair competition was willful.

69.   As a proximate result of Defendants' acts, Plaintiffs have suffered, and will continue to suffer, substantial damage to their reputation and goodwill, as well as diversion of trade and loss of revenues in an amount not yet ascertained.

**COMPLAINT**

70.    Defendants' acts have caused, and unless enjoined will continue to cause, irreparable injury to Plaintiffs, leaving Plaintiffs with an inadequate remedy at law.

71.    Defendants' acts and conduct have caused, and are likely to continue causing, substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

**THIRD CLAIM FOR RELIEF**

**FALSE DESIGNATION OF ORIGIN; 15 U.S.C. §1125(a)**

(Against All Defendants)

72.    Plaintiffs repeat and incorporate by this reference each and every allegation in the above paragraphs as though fully set forth herein.

73.    Defendants' acts and conduct as alleged constitute false designation of origin, in violation of 15 U.S.C. §1125(a), all to the substantial and irreparable injury of the public and of Plaintiffs' business reputation and goodwill.

74.    Defendants' use of their Infringing Marks that are confusingly similar to Plaintiffs' Service Mark is intentionally designed to mimic Plaintiffs' restaurant services so as to likely cause confusion regarding the source of Defendant's services, in that purchasers thereof will be likely to associate or have associated such services with, as originating with, or as approved by Plaintiffs, all to the detriment of Plaintiffs.

75.    Upon information and belief, by such wrongful acts, Defendants have and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiffs and to the goodwill associated with their Service Mark, including diversion of customers, lost sales, and lost profits, and, as a result, Plaintiffs have no adequate remedy at law.

76.    Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages,

costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## FOURTH CLAIM FOR RELIEF

## <u>FEDERAL TRADEMARK DILUTION; 15 U.S.C. §1125(c)</u>

(Against All Defendants)

77.     Plaintiffs repeat and incorporate by this reference each and every allegation in the above paragraphs as though fully set forth herein.

78.     As a result of the duration and extent of use of the Plaintiffs' Service Mark, the duration and extent of the advertising and publicity of the Plaintiffs' Service Mark, the superior quality of Plaintiffs' services, and the degree of recognition of the Plaintiffs' Service Mark, the Service Mark has achieved an extensive degree of distinctiveness and is a famous trademark.

79.     As a result of Defendants' use and attempted registration of their Infringing Marks that are confusingly similar to Plaintiffs' Service Mark, Defendants are diluting the distinctive quality of Plaintiffs' Service Mark.

80.     Upon information and belief, by such wrongful acts, Defendants have and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiffs and to the goodwill associated with their Service Mark, including diversion of customers, lost sales, and lost profits, and, as a result, Plaintiffs have no adequate remedy at law.

81.     Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## FIFTH CLAIM FOR RELIEF

## <u>TRADE DRESS INFRINGEMENT; 15 U.S.C. §1125(a)</u>

(Against All Defendants)

82.     Plaintiffs repeat and incorporate by this reference each and every allegation in the above paragraphs as though fully set forth herein.

83.     In addition to using the name confusingly similar to Plaintiffs' valuable Service Mark for their new restaurant, Defendants used the designs and decorations for the exterior and interior of their new restaurant that are confusingly similar to Plaintiffs' Trade Dress.

84.     Defendants' unauthorized use of a trade dress for their restaurants that is confusingly similar to Plaintiffs' Trade Dress constitutes a trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, to the substantial and irreparable injury of the public and of Plaintiffs' business reputation and goodwill.

85.     As a proximate result of Defendants' acts, Plaintiffs have suffered, and will continue to suffer, substantial damage to its reputation and goodwill, as well as diversion of trade and loss of revenues in an amount not yet ascertained.

86.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' Trade Dress to the great and irreparable injury of Plaintiffs.

87.     Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

88.     Defendants' acts have caused, and unless enjoined will continue to cause, irreparable injury to Plaintiffs, leaving Plaintiffs with an inadequate remedy at law.

## SIXTH CLAIM FOR RELIEF

## STATE COMMON LAW SERVICE MARK INFRINGEMENT

### (Against All Defendants)

89.     Plaintiffs repeat and incorporate by this reference each and every allegation in the above paragraphs as though fully set forth herein.

90.     Plaintiffs are the owner of goodwill and valuable service mark rights protected by California common law.

91.     Defendants' use of their Infringing Marks that are confusingly similar to

-15-

Plaintiffs' Service Mark without Plaintiffs' consent or authorization in connection with the restaurant services is likely to cause confusion, mistake, and deception.  Such use infringes Plaintiffs' rights in violation of California common law.

92.    Plaintiffs are informed and believe, and on that basis allege, that as a result of Defendants' willful infringement of Plaintiffs' Service Mark through the unauthorized use of their confusingly similar service marks, Defendants have profited and will profit in the future from the restaurant services that use reproductions, copies, or colorable imitation of Plaintiffs' Service Mark, all to the detriment to Plaintiffs.

93.    Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiffs' business, reputation and good will in its Service Mark. Plaintiffs have no adequate remedy at law.

94.    Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiffs and Plaintiffs are entitled to injunctive relief and to recover Defendants' profits or actual damages in an amount not yet ascertained.

95.    Further, Defendants have been guilty of oppression, fraud, and malice in that they intended their conduct to cause injury to Plaintiffs. Defendants' acts also are despicable and were carried out with a willful and conscious disregard of the rights of Plaintiffs and the public.  Defendants made intentional misrepresentation, concealed material facts and perpetrated deception with the intent to deprive Plaintiffs and others of property and legal rights when Defendants concealed from Plaintiff the fact that they formed LLC while in Escrow with intent to infringe upon Plaintiff's Service Mark. Therefore, Plaintiffs are entitled to exemplary damages against each of the Defendants pursuant to California Civil Code §3294 in an amount to be determined at trial.

//

//

//

**COMPLAINT**

**SEVENTH CLAIM FOR RELIEF**

**<u>STATE UNFAIR COMPETITION; CA BUS. & PROF. CODE §17200 et seq.</u>**

(Against All Defendants)

96.     Plaintiffs repeat and incorporate by this reference each and every allegation in the above paragraphs as though fully set forth herein.

97.     The conduct by Defendants mentioned above is tantamount to unlawful, unfair or fraudulent business act and, therefore, constitute unfair competition within the spirit of California Business and Professions Code § 17200 et seq.

98.     Pursuant to California Business and Professions Code § 17203, Plaintiffs are entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition, as well as disgorgement of all of Defendants' profits associated with this unfair competition.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray:

1.     For an order granting a preliminary and permanent injunction restraining Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with them, from:

      a.     infringing Plaintiffs' trademark and trade dress rights; and

      b.     unfairly competing with Plaintiffs.

2.     For an order directing Defendants to discontinue using the Infringing Marks in the names of their restaurants, trade, or business;

3.     For an order directing Defendants to change their trade dress, including, but not limited to, the decorations and designs of the exterior and interior of their restaurants;

4.     For an order directing Defendants to surrender any domain names that includes the Infringing Marks;

5.     For an order directing Defendants to discontinue using the Infringing Marks in connection with their restaurant services, including but not limited to the signs outside and inside of their restaurants, menu, utensils, decorations, chopsticks, and calendars.

-17-

6.     For an order directing Defendants to use their best efforts to recall from the trade and other third parties any and all infringing marketing, advertising, and promotional materials used in connection with their restaurant services;

7.     For an order directing Defendants to file with the Court and serve on counsel for Plaintiffs, within thirty days after entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendants complied with the injunction;

8.     For an order directing Defendants to deliver up to Plaintiffs for destruction or other disposition, within thirty days of the entry of final judgment herein, any and all infringing promotional, marketing, advertising, and promotional materials used in connection therewith, now or hereafter in its possession, custody, or control;

9.     For an order Directing Defendants to account to Plaintiffs for any and all profits derived by Defendants from infringing service marks/trademarks and trade dress;

10.     For an order awarding Plaintiffs a monetary judgment against Defendants for Plaintiffs' damages and Defendants' profits pursuant to 15 U.S.C. § 1117;

11.     Trebling the amount of such award on account of Defendants' willful, intentional, and bad faith conduct pursuant to 15 U.S.C. § 1117;

12.     An award of reasonable attorneys' fees, costs and disbursements incurred herein in view of Defendants' intentional and willful infringement, pursuant to 15 U.S.C. § 1117; and

13.     For such other and further relief as the Court may deem just and proper.


Dated:  September 25, 2013              LAW OFFICES OF HUNG & CHU


                                        By:/s/ Peter K. Chu_____
                                            PETER K. CHU
                                            BENJAMIN HUNG, Attorneys for
                                            Plaintiffs TRITAPORN SIRISUP and
                                            SIRISUP, INC.

-18-

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b) and Local Rule 38-1, Plaintiffs TRITAPORN SIRISUP and SIRISUP, INC.hereby demand a trial by jury on all issues triable in this action.

Dated:  September 25, 2013                    LAW OFFICES OF HUNG & CHU


By:/s/ Peter K. Chu_____
      PETER K. CHU
      BENJAMIN HUNG, Attorneys for
      Plaintiffs TRITAPORN SIRISUP and
      SIRISUP, INC.

-19-

EXHIBIT "1"



JADE ESCROW, INC.
1420 East Valley Blvd., No. B
Alhambra, CA  91801
(626) 282-6000
(626) 282-3500 FAX

## BULK SALE ESCROW INSTRUCTIONS

JADE ESCROW, INC. IS LICENSED BY THE DEPARTMENT OF CORPORATIONS, STATE OF CALIFORNIA, LICENSE NUMBER 9631713.

Escrow Officer:  BETTY YEE                    **SIGN AND RETURN**                    Date:  August 18, 2008
                                                                                     Escrow No.:  22741-BY

BUSINESS NAME: PIMAI THAI CUSINE

HONGTHONG SIRIRAT and SUPTHONG RURK and PLOBMUANG DAMRONG, herein called Seller.

WATTANA LUANGSUWIMON and TRITAPORN SIRISUP and PLOBMUANG DAMRONG, herein called Buyer.

The subject of this escrow is the sale of that certain personal property consisting of the stock in trade, the fixtures, equipment, trade name and goodwill of that certain **Restaurant** business now owned and heretofore conducted by Seller at **5833 Franklin Avenue, Los Angeles, CA  90028**, and known as **PIMAI THAI CUSINE.** And of the sale and transfer of a liquor license designated as follows: ON-SALE BEER AND WINE-EATING PLACE NUMBER 41-456295

TOTAL PURCHASE PRICE IS $ 320,000.00, payable as follows:

| | |
|---|---:|
| Initial deposit | $32,000.00 |
| Additional deposit prior to close of escrow | $268,000.00 |
| Note, Security Agreement and UCC-1 | $ 20,000.00 |
| Total | $320,000.00 |

ADDITIONAL INSTRUCTIONS:

1.     Buyer, WATTANA LUANGSUWIMON and TRITAPORN SIRISUP  to execute a promissory note secured by Security Agreement and UCC-1 in the amount of $20,000.00, in favor of HONGTHONG SIRIRAT and SUPTHONG RURK, with interest at rate of 5.00% per annum, accruing from close of escrow, monthly payment of interest and principal in installment of $6,722.30, commencing 30 days from close of escrow and continuing for 3 months, at which time all principal and accrued interest shall be paid-off in full.

2.     This escrow shall close upon the successful transfer of Alcoholic Beverage license ON-SALE BEER AND WINE EATING PLACE LICENSE NO. 41-456295.   Parties herein agree to do all things necessary to close said escrow on the above dated.

3.     Purchase price, which include all furniture, fixtures & Equipment, goodwill/trade name, covenant not to compete, and the On-sale Beer and Wine license no. 41-456295   shall be in the amount of $320,000.00.

4.     The consummation of this transaction is contingent upon transfer of the ALCOHOLIC BEVERAGE LICENSE. All parties shall immediately cause an application to be made at the proper district office of offices of the Department of Alcoholic Beverage Control, precedent with departments recording requirements. Buyer will pay the license transfer fee and incidental fees required by the department and this escrow shall be subject to the departments's approval of the transfer and issuance of the license of the Buyer.

5.     Seller warrants that there are no pending citations, violations or disciplinary proceedings against the subject alcoholic beverage license, and should any occur during the term of the escrow, the Seller will do all things, including stipulating, making an offer in compromise and paying any assessment imposed by the Department of Alcoholic Beverage Control to dispose of such action in the earliest possible manner.  Should the license be revoked, then the Buyer may unilaterally cancel this escrow.

6.     Upon receipt of notification from the Department of Alcoholic Beverage Control as to the approval of the transfer of subject license under Section 24074 of Business and professional Code, State of California, Escrow Holder without receipt of further instructions is to deed this escrow closed and all funds deposited herein are the absolute property of Seller and to be disbursed at his instructions, subject only to the provision of the above stated Section 24074.

7.     Consummation of this escrow is contingent upon buyer being able to obtain an Assignment of Lease from landlord, buyer's execution of the Assignment of Lease shall deem this contingency having been met and satisfied for the purpose of completing this escrow.

8.     Seller shall deposit into escrow a list of fixtures and equipment for Buyer's approval and will execute a Bill of Sale in favor of the Buyer for same.  Seller's execution of the Bill of Sale shall be deemed a Warranty and Certification

Continued on following page

that all items contained thereon are free of any liens or encumbrances whatsoever.

9.     Parties herein authorize and instruct Escrow Holder, as an accommodation only at the expense of the parties herein, to:

     a.     record and publish the Notice of Bulk Transfer;
     b.     have copy of same sent by registered or certified mail to the Los Angeles County Tax Collector's office;
     c.     obtain a "Certification of Information" from the Secretary of State, State of California, together with a "Judgement and tax lien search" on the County level with the County of Los Angeles, on the named business and the Seller thereof. Seller shall cause to be paid, removed or released any liens or encumbrances as disclosed by said Certificate(s) that affect the subject premises and business, except those which the Buyer specifically agrees to assume.

10.     Escrow Holder is authorized and instructed to release funds as required to obtain a UCC search from the Secretary of State, publishing, recording and filing fees from funds on deposit by Buyer and Buyer understands that said funds will be disbursed prior to the close of escrow and are non-refundable in the event this escrow should not consummated, however, upon closing of escrow, Escrow Holder shall charge the account of the Seller with one-half of all stated costs and Buyer will pay one-half of costs.

11.     Seller and Buyer each shall pay for their own respective closing fees and charges.

12.     Buyer shall reimburse Seller through escrow for the amount of sales tax on the valuation of furniture, fixture and equipment as listed on the Bill of Sale, said tax being figured at the rate of 8.25%, on the above stated valuation of $TO FOLLOW to be paid by Seller to the State Board of Equalization. In the event the amount required by the State Board of Equalization is greater than the amount agreed by the parties, Buyer shall reimburse Seller for the difference outside of escrow. Escrow Holder is not to be concerned therewith nor held liable for same.

13.     In the event release from the State Board of Equalization and Employment Development Department are not deposited herein prior to the set forth closing date, then Escrow Holder is hereby authorized and instructed to proceed with the closing of this transaction, paying all fees, charges and claims deposited herein and to WITHHOLD the funds due to Seller until such time as said releases have been deposited herein.

14.     Buyer shall obtain assignment of exiting insurance policy from the Seller outside of escrow or Buyer shall acquire a new insurance policy which Escrow Holder is instructed not to be concerned therewith.

15.     SATISFACTION OF CONTINGENCY:     Buyer's deposit of downpayment balance shall constitute acknowledgement that all terms, conditions, and contingencies have been met.

16.     THE PARTIES HEREIN UNDERSTAND THAT ESCROW HOLDER SHALL HAVE NO CONCERN, RESPONSIBILITY OR LIABILITY WITH THE TRANSFER OF, OR OBTAINING OF, ANY BUSINESS AND/OR HEALTH LICENSES, PERMITS, UTILITIES OR TAX ACCOUNTS. Same will be handled outside of escrow by the principals herein.

17.     JADE ESCROW, INC. SHALL HAVE NO OBLIGATION TO VERIFY THE AUTHENTICITY OF ANY DOCUMENT, OR SIGNATURE CONTAINED ON ANY DOCUMENT PROVIDED TO ESCROW HOLDER BY PARTIES OR THEIR AGENTS. EACH PARTIES AGREES TO INDEMNIFY AND HOLD JADE ESCROW INC. HARMLESS FROM ANY AND ALL CLAIMS, DEMANDS CAUSES OR OTHER MATTERS THAT MAY ARISE AS THE CONSEQUENCE OF THE PROVISION TO JADE ESCROW INC., OF ANY DOCUMENT WHICH IS LATER CLAIMED TO BE NON-AUTHENTIC FOR ANY REASON WHATSOEVER. THIS INDEMNITY SHALL ALSO INCLUDE ALL COSTS AND ATTORNEY'S FEE INCURRED BY JADE ESCROW INC. IN THE ACTUAL AMOUNT INCURRED.

18.     Seller herein state and buyer herein aware that there is no security deposit with landlord.

19.     In the event of buyer's default, the deposit of $32,000.00 after deducting all costs in this escrow shall be retained by seller as his liquidated damages; or if seller defaults, seller shall pay all charges incurred in escrow and deposit here in escrow shall returned to buyer.

20.     DAMRONG PLOBMUANG named here in this escrow acting as one of the seller and also one of the buyer is for the purpose of transfer Alcoholic Beverage License only, he is holding 50% of the ownership of this business. Seller's net proceeds is for HONGTHONG SIRIRAT and SUPTHONG RURK only. DAMRONG PLOBMUANG will receive no consideration.

21.     This is a 50% business ownership transfer.

DISCLOSURES ONLY, WITH WHICH ESCROW HOLDER IS NOT TO BE CONCERNED:

1.     As part of the total consideration herein paid, the Sellers do covenant to the Buyer that they will not compete, either directly or indirectly, in a similar business within a radius of 5 miles for a term of 10 years from date of possession. This covenant is not transferable or assignable.

2.     It is understood and agreed that the Buyer has observed and made his own independent investigation of the subject business, has satisfied himself with clear and distinct understanding and agreement that all profits are future, to be arrived at from his own resources and labors.

3.  Seller does indemnify and hold Buyer harmless from and against all debts, claims, actions, or causes of action, losses, damages and attorneys fees, as a result of Sellers past operation and ownership of the business, either directly or indirectly.

When you have the funds and documents required to close this escrow, you will:

(1)  Pay all bills and claims presented to and filed with you and approved by Seller.
(2)  Deliver to Buyer documents required by these instructions.
(3)  Deliver to Seller money and documents required by these instructions.
(4)  Prorate personal property taxes to date of possession, based on the latest tax statement handed you.
(5)  Prorate lease payments to date of possession, charging Buyer's account and crediting Seller's account with Security Deposit, if any.
(6)  Sales tax to State covering the transfer of the Equipment and Fixtures will be paid by the SELLER.  BUYER TO REIMBURSE SELLER FOR SAME THROUGH ESCROW.

It is understood and agreed by all parties that this escrow is accepted by you subject to the following additional terms and conditions:

(a)  That "close of escrow" shall mean the date fixed for the consummation of this sale by the "notice of sale" mentioned herein, or the date of Escrow Holder receipt of "Authorization to close escrow" from the Department of Alcoholic Beverage Control, whichever is later, if applicable.
(b)  Seller agrees to approve, in writing, all bills placed in escrow before you are required to pay the same.
(c)  You have no liability as to any unpresented bills, or to any conditional sales contract covering any of the property affected by this escrow , or as to any liens or encumbrances thereof or title thereto.
(d)  You may refuse to proceed with this escrow or you may interplead the parties at their expense (as to all costs and expenses, including attorney's fees, incurred by you) if:
    (1)  You hold unapproved bills;
    (2)  You have not been furnished sufficient funds;
    (3)  Conflicting demands are made upon you;
    (4)  Seller does not obtain creditors consent to a prorated payment of claims.
(e)  No notice, demand or change of instructions shall be at any time effective in this escrow or recognized by you unless given in writing and approved by all parties affected thereby.
(f)  The sale herein provided for shall not occur until this escrow unless and until Escrow Holder determines that it will hold proceeds sufficient to discharge all claims and demands filed with it, subject to the right of the parties hereto to secure such full or partial waiver of claims and demands which may enable completion of the sale.

You will not close this escrow or disburse funds until you are notified, in writing, by the Department of Alcoholic Beverage Control that the license transfer has been approved.  Escrow Holder agrees to comply with all the rules and regulations as provided in Section 24074 of the California Business and Professions Code (Alcoholic Beverage Control Act) and will not disburse funds or close escrow until notification is received that license has transferred.

You are to be considered and held as a depository only, and shall not be responsible or liable in any manner whatsoever for the sufficiency or correctness as to the form, manner of execution, or validity of any instrument deposited in this escrow, nor as to the identity, authority or rights of any person executing the same; and your duties hereunder shall be limited to the safekeeping of such money, instruments or other documents received by you as such Escrow Holder, and of the delivery of the same in accordance with the written escrow instructions accepted by you in this escrow.

THE FOREGOING INSTRUCTIONS AND THOSE "GENERAL PROVISIONS" ATTACHED HERETO AND MADE A PART HEREOF ARE APPROVED AND ACCEPTED IN THEIR ENTIRETY AS FULLY SET OUT IN THIS PARAGRAPH. EACH OF THE UNDERSIGNED BUYER(S) HEREBY AUTHORIZE ESCROW AGENT TO FURNISH COPIES OF CLOSING STATEMENTS TO LENDER AND/OR BROKER INVOLVED.

*BUYER'S SIGNATURE:*

_____
WATTANA LUANGSUWIMON

_____
TRITAPORN SIRISUP

_____
PLOBMUANG DAMRONG

*SELLER'S SIGNATURE:*

_____
HONGTHONG SIRIRAT

_____
SUPTHONG RURK

_____
PLOBMUANG DAMRONG

## GENERAL INSTRUCTIONS

1.     The parties hereby enter this escrow at Jade Escrow, Inc. 1420 E. Valley Blvd., #B, Alhambra, CA 91801, hereafter referred to as Escrow Holder, for the purpose of completing this transaction in accordance with Sections 6106-6107 of the Uniform Commercial Code of California, Section 3440 of the California Civil Code or such other law as may be applicable to the subject matter of this escrow.

2.     The parties shall promptly comply with the terms of these instructions and shall execute and deliver to Escrow Holder on demand all papers, documents, instruments, releases and monies required of them to consummate this transaction.

3.     No demand, alteration or amendment shall be binding on Escrow Holder unless given in writing, signed by all parties hereto and deposited with Escrow Holder.

4.     Should any dispute arise between or among the parties hereto or third parties or should Escrow Holder receive conflicting demands with reference to the escrow, Escrow Holder may, at its option, but without limiting its other rights hereafter set forth, do either of the following:
     (a)  Stop all proceedings in the performance of this escrow and withhold delivery of documents or monies in its possession until such dispute or conflicting demands has been resolved and written proof thereof has been deposited in escrow.
     (b)  File an interpleader suit in any court of competent jurisdiction.  Upon the filing of such suit Escrow Holder shall be fully released and discharged of and from all obligations and liability in connection with the escrow, and the parties jointly and severally agree to pay Escrow Holder all costs, expenses, charges and reasonable attorney's fees expended or incurred by Escrow Holder.

5.     In the event Escrow Holder receives from any third party any claim or demand against any party hereto, and such claim or demand is denied or disallowed in whole or in part, Escrow Holder may notify the said claimant of such denial or disallowance and hold money or documents of the party against whom the claim is made for a period of (25) days.  Should the claimant fail to cause a levy on the documents, funds or assets of said party within the time so provided, Escrow Holder may distribute funds or documents to the party against whom the claim or demand was made without liability to any person for so doing.

6.     The parties authorize Escrow Holder to pay from funds deposited in escrow all charges for publications, recordations, filings and chattel and security interest searches when incurred.  The parties authorize Escrow Holder to pay from funds deposited in escrow at the close thereof or following notice of cancellation or rescission or following a failure of the parties to comply with the terms of Paragraph 2 hereof all escrow fees, attorney's fees or other charges incurred in connection with the escrow.

7.     The parties acknowledge that Escrow Holder is a mere stakeholder as contemplated in Section 386.5 of the California Code of Civil Procedure, and Escrow Holder shall not be required to perform any services or duties except the safekeeping of money, instruments or other documents received by it and the disposition of same in accordance with the written instructions accepted in this escrow.  However, without further authorization Escrow Holder may accept performance from the parties hereto after the time specifically provided for performance has past.

8.     Escrow Holder shall not be liable for any of the following:
     (a)  The sufficiency or correctness of form, content, execution or validity or any instrument deposited in escrow;
     (b)  The identify, authority or right of any person to execute the documents referred to in sub-paragraph (a) above;
     (c)  The failure of the parties to comply with these instructions or any agreement or documents filed or referred to herein;
     (d)  Any exercise of discretion by Escrow Holder provided such exercise is authorized by these instructions;

     (e)  Inadvertent failure of Escrow Holder to comply with these instructions or any agreement or document filed or referred to herein;
     (f)  Fraud perpetrated by any person in connection with this escrow;
     (g)  Forgeries or false impersonations occurring in connection with this escrow.

9.     The maker or endorser of any check deposited in escrow warrants that the check will be honored upon presentation, authorizes Escrow Holder at its election to enforce payment of such check by litigation of necessary and agrees to repay Escrow Holder for all expenses so incurred including reasonable attorney's fees.

Continued on following page

Initials: _____

10.     The parties jointly and severally promise to pay on demand and indemnify and hold Escrow Holder harmless of and from all costs, charges, damages, judgments, attorney's fees, expenditures, obligations, expenses and liabilities of every kind and nature which Escrow Holder may incur or sustain in connection with this escrow.  Escrow Holder is hereby given a lien upon all of the right, title and interest of all parties hereto in all escrow papers, documents and writings and other property and monies deposited in escrow to secure the performance of the promises contained in this paragraph.

11.     Except for claims which have been expressly disapproved by the party against whom made, if the consideration to be received by such party is insufficient to pay in full the claims duly filed in escrow against such party, Escrow Holder may distribute the consideration pro rate to the claimants without further notice to or authorization from the parties hereto.  Escrow Holder may deduct and pay from any and all monies deposited with it in this escrow the full amount of its costs, charges, expenses and fees prior to the pro rate distribution described hereinabove.

12.     Unless expressly set forth in these instructions, Escrow Holder shall have no duty to request or obtain a chattel or security interest search or other documents showing the status of title to or encumbrances or claims against parties hereto or the property or assets transferred herein.

13.     Escrow Holder is not to be concerned with any unpaid Municipal County, State or Federal tax or taxes, unless otherwise specifically instructed in writing in this escrow.

14.     This Agreement shall inure to the benefit of and be binding upon the heirs, executors, administrators, successors and assigns of the parties hereto.

15.     Should any paragraph, clause or provision of this Agreement be construed or interpreted by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only the paragraph, clause or provision so construed or interpreted and shall in no event affect the remaining paragraphs, clauses or provisions of these instructions which shall remain valid, subsisting and enforceable.

16.     If these instructions require the preparation and execution of any promissory note or other writing which evidences an indebtedness or chose in action, or any security agreement or other document which is intended to create a security interest in real or personal property, then the parties agree to furnish Escrow Holder appropriate forms to accomplish the said requirements.  Should the parties elect to use any such form made available to them by Escrow Holder, it is agreed that Escrow Holder has made available such forms as an accommodation only, and Escrow Holder shall not be liable to the parties for the selection of the forms of their correctness and sufficiency.

17.     Should it become necessary for Escrow Holder to employ an attorney in connection with this escrow for consultation, drafting documents, sending notice or instituting, prosecuting or defending litigation, the parties hereto do jointly and severally promise to pay Escrow Holder on demand all attorney's fees and costs so incurred.  Escrow Holder is authorized to deduct from any funds deposited with it and to pay directly to any attorney it employs the full amount of such attorney's fees and costs.

18.     Should parties fail to execute closing instructions within sixty (60) days from and after the closing date set forth in these instructions, then Escrow Holder shall be entitled to receive an additional reasonable sum each month as a hold-open fee, which sum may be deducted monthly from funds on deposit with Escrow Holder.

19.     The foregoing terms, conditions and provisions of this Agreement have been read and understood and agreed to by each of the parties hereto, who expressly acknowledges that time is of the essence hereof.


Buyer    WATTANA LUANGSUWIMON

Buyer    TRITAPORN SIRISUP

Buyer    PLOBMUANG DAMRONG


Seller    HONGTHONG SIRIRAT

Seller    SUPTHONG RURK

Seller    PLOBMUANG DAMRONG

24



**JADE ESCROW, INC.**
1420 East Valley Blvd., No. B
Alhambra, CA 91801
(626) 282-6000
(626) 282-3500 FAX

**DATE:** November 12, 2008                                 **TIME:** 14:44:49
**ESCROW NO:** 22741-BY
**ESCROW OFFICER:** BETTY YEE                    **CLOSING DATE:** November 13, 2008

### BUYER FINAL CLOSING STATEMENT

**SELLER(S):** HONGTHONG SIRIRAT and SUPTHONG RURK and PLOBMUANG DAMRONG
**BUYER(S):** WATTANA LUANGSUWIMON and TRITAPORN SIRISUP and PLOBMUANG DAMRONG
**PROPERTY:** 5833 Franklin Avenue, Los Angeles, CA 90028

| | $ DEBITS | $ CREDITS |
|---|---|---|
| **FINANCIAL:** | | |
| Total Consideration | 320,000.00 | |
| Deposit - WATTANA LUANGSUWIMON | | 32,000.00 |
| Deposit - WATTANA LUANGSUWIMON | | 95,000.00 |
| Deposit - WATTANA LUANGSUWIMON | | 145,000.00 |
| Deposit - WATTANA LUANGSUWIMON | | 20,000.00 |
| Deposit - WATTANA LUANGSUWIMON | | 13,387.31 |
| New 1st Trust Deed to HONGTHONG SIRIRAT and SUPTHONG RURK | | 20,000.00 |
| | | |
| **PRORATIONS/ADJUSTMENTS:** | | |
| Prepaid County Taxes at $234.92 Annually from 11/13/08 to 07/01/09 | 146.83 | |
| Rent at $1,675.00 Month from 11/13/08 to 12/01/08 | 1,005.00 | |
| Sales tax based on $25,600.00-Equipment | 2,112.00 | |
| | | |
| **ESCROW CHARGES:** | | |
| Escrow Fee | 940.00 | |
| Doc Prep Fees | 50.00 | |
| | | |
| **MISCELLANEOUS CHARGES:** | | |
| BETTY SIT Notary fee | 20.00 | |
| DAILY JOURNAL CORPORATION Invoice# A1423535 | 79.00 | |
| Prepare Note & Security Agreement | 75.00 | |
| SECRETARY OF STATE | 30.00 | |
| UCC DIRECT SERVICES Invoice# 937852 | 176.87 | |
| Processing ABC | 50.00 | |
| Recording ABC | 50.00 | |

| | | | | |
|---|---|---|---|---|
| BUYERS REFUND | | $ 652.61 | | |
| TOTALS | | $ 325,387.31 | $ | 325,387.31 |

### SAVE THIS STATEMENT FOR INCOME TAX PURPOSES

EXHIBIT "2"

# United States of America

### United States Patent and Trademark Office

# Pimai It's Thai

**Reg. No. 4,394,561**

**Registered Sep. 3, 2013**

**Int. Cl.: 43**

**SERVICE MARK**

**PRINCIPAL REGISTER**

TRITAPORN SIRISUP (THAILAND INDIVIDUAL), DBA PIMAI IT'S THAI RESTAURANT
5833 FRANKLIN AVE
LOS ANGELES, CA 90028

FOR: RESTAURANT SERVICES, INCLUDING SIT-DOWN SERVICE OF FOOD AND TAKE-OUT RESTAURANT SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 8-15-2007; IN COMMERCE 8-15-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "THAI", APART FROM THE MARK AS SHOWN.

SER. NO. 85-366,487, FILED 7-8-2011.

KEVIN CORWIN, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

**26**

EXHIBIT "3"

# Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, September 24, 2013. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | IT'S THAI, LLC |
| Entity Number: | 200827310144 |
| Date Filed: | 09/29/2008 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 1311 N GLENDALE BLVD UNIT A |
| Entity City, State, Zip: | LOS ANGELES CA 90026 |
| Agent for Service of Process: | SIRIN RANGSIYACHAT |
| Agent Address: | 1311 N GLENDALE BLVD UNIT A |
| Agent City, State, Zip: | LOS ANGELES CA 90026 |

* Indicates the information is not contained in the California Secretary of State's database.

* **Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Privacy Statement | Free Document Readers

Copyright © 2013   California Secretary of State

27

kepler.sos.ca.gov

EXHIBIT "4"

9/25/13

Case 2:13-cv-07246-DDP-PJW   Document 1   Filed 10/01/13   Page 32 of 57   Page ID #:37
Business Search - Business Entities - Business Programs

# Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, September 24, 2013. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | IT'S THAI CANTEEN LLC |
| Entity Number: | 201203510095 |
| Date Filed: | 01/19/2012 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 1821 N CAHUENGA BLVD |
| Entity City, State, Zip: | LOS ANGELES CA 90028 |
| Agent for Service of Process: | SIRIN RANGSIYACHAT |
| Agent Address: | 1821 N CAHUENGA BLVD |
| Agent City, State, Zip: | LOS ANGELES CA 90028 |

* Indicates the information is not contained in the California Secretary of State's database.

* **Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Privacy Statement | Free Document Readers
Copyright © 2013   California Secretary of State

EXHIBIT "5"




**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Sep 25 03:20:38 EDT 2013*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [_____] OR   Jump   to record: [_____]   **Record 2 out of 8**

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | IT'S THAI |
| **Goods and Services** | IC 043. US 100 101. G & S: Restaurant services |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 11.01.25 - Brushes, basting; Chopsticks; Churns, butter (manual); Cups, measuring; Fruit juices, non-electric; Garlic presses (non-electric); Graters, cheese; Holders, kitchen utensil; Ice cube trays; Juicers, non-electric; Ladles (soup); Measuring cups; Napkin holders; Other non-electric kitchen utensils, utensil holders; Pasta makers, non-electric; Potato peelers; Racks, kitchen tool; Scoops, ice cream; Shakers, cocktail; Sharpeners, knife (non-electric) |
| **Serial Number** | 85414757 |
| **Filing Date** | September 3, 2011 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) It's Thai LLC LIMITED LIABILITY COMPANY CALIFORNIA 1311 Glendale Blvd Los Angeles CALIFORNIA 90026 |
| **Attorney of** | Vandana Balakrishnan |

| | |
|---|---|
| **Record** | |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "THAI" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | The color(s) orange and red is/are claimed as a feature of the mark. The mark consists of the word "IT'S THAI" where in the words "IT'S" is written in orange color and "THAI" is in red color, these words are underlined by two crossed chopstick in combination of orange and red color as shown in the mark. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST
NEXT LIST   FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

29



United States Patent and Trademark Office

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



## TTABVUE. Trademark Trial and Appeal Board Inquiry System                    v1.5

# Opposition

**Number:** 91205084                          **Filing Date:** 05/09/2012
**Status:** Terminated                        **Status Date:** 07/30/2013
**Interlocutory Attorney:** ANDREW P BAXLEY

## Defendant

**Name:** Tritaporn Sirisup DBA Pimai It's Thai Restaurant
**Correspondence:** PETER K CHU
LAW OFFICES OF PETER K CHU
601 WEST 5TH STREET, SUITE 800
LOS ANGELES, CA 90071-2009
UNITED STATES
peter.chu@pkchulaw.com
**Serial #:** 85366487    Application File          **Registration #:** 4394561
**Application Status:** Registered
**Mark:** PIMAI IT'S THAI

## Plaintiff

**Name:** It's Thai LLC
**Correspondence:** JARINTORN TANATCHASAI
18411 CRENSHAW BLVD #424
TORRANCE, CA 90504
UNITED STATES
jtanatchasai@hotmail.com
**Serial #:** 85414757    Application File
**Application Status:** Report Completed Suspension Check - Case Still Suspended
**Mark:** IT'S THAI
**Serial #:** 85405237    Application File          **Registration #:** 4184333
**Application Status:** Registered
**Mark:** IT'S THAI HOMETAURANT
**Serial #:** 85420942    Application File
**Application Status:** Report Completed Suspension Check - Case Still Suspended
**Mark:** IT'S THAI NOODLE N MORE

## Prosecution History

| #  | Date       | History Text                          | Due Date |
|----|------------|---------------------------------------|----------|
| 13 | 07/30/2013 | TERMINATED                            |          |
| 12 | 07/30/2013 | BD DECISION: DISMISSED W/ PREJ        |          |
| 11 | 07/03/2013 | W/DRAW OF OPPOSITION                   |          |
| 10 | 06/25/2013 | PROCEEDINGS RESUMED                    |          |
| 9  | 05/06/2013 | D MOTION TO RESUME PROCEEDING          |          |
| 8  | 03/08/2013 | SUSP PEND DISP OF CIVIL ACTION         |          |
| 7  | 02/25/2013 | P REQ TO W/DRAW AS ATTORNEY            |          |

| | | | |
|---|---|---|---|
| 6 | 08/20/2012 | SUSP PEND DISP OF CIVIL ACTION | |
| 5 | 08/17/2012 | D MOT TO SUSP PEND DISP CIV ACTION | |
| 4 | 06/05/2012 | ANSWER | |
| 3 | 05/09/2012 | PENDING, INSTITUTED | |
| 2 | 05/09/2012 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | 06/18/2012 |
| 1 | 05/09/2012 | FILED AND FEE | |

Results as of 09/25/2013 02:24 PM          **Search:** [                    ]

| .HOME | INDEX | SEARCH | *e*BUSINESS | CONTACT US | PRIVACY POLICY

**30**



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Sep 25 03:20:38 EDT 2013*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

**Logout**  Please logout when you are done to release system resources allocated for you.

**Start**  List At: [_____] OR **Jump** to record: [_____]   **Record 3 out of 8**

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)* |



| Word Mark | IT'S THAI NOODLE N MORE |
|---|---|
| **Goods and Services** | IC 043. US 100 101. G & S: Restaurant services |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 11.01.25 - Brushes, basting; Chopsticks; Churns, butter (manual); Cups, measuring; Fruit juices, non-electric; Garlic presses (non-electric); Graters, cheese; Holders, kitchen utensil; Ice cube trays; Juicers, non-electric; Ladles (soup); Measuring cups; Napkin holders; Other non-electric kitchen utensils, utensil holders; Pasta makers, non-electric; Potato peelers; Racks, kitchen tool; Scoops, ice cream; Shakers, cocktail; Sharpeners, knife (non-electric) |
| **Serial Number** | 85420942 |
| **Filing Date** | September 13, 2011 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) IT'S THAI LLC LIMITED LIABILITY COMPANY CALIFORNIA 1311 Glendale Blvd Los Angeles CALIFORNIA 90026 |
| **Attorney of** | Vandana Balakrishnan |

| | |
|---|---|
| **Record** | |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "THAI" AND "NOODLE" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | The color(s) red, orange is/are claimed as a feature of the mark. The mark consists of the literal elements "IT'S THAI, NOODLE N MORE" written in stylized form wherein the word IT'S is written in orange color and the word "THAI" written in red color beneath it the words "NOODLE N MORE" are written in shades of red and orange color and the words "IT'S THAI" are underlined by the image of chop sticks in shades of red and orange color as shown in the mark. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST

NEXT LIST   FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



## TTABVUE. Trademark Trial and Appeal Board Inquiry System                 v1.5

# Opposition

**Number:** 91205084                        **Filing Date:** 05/09/2012
**Status:** Terminated                       **Status Date:** 07/30/2013
**Interlocutory Attorney:** ANDREW P BAXLEY

## Defendant

**Name:** Tritaporn Sirisup DBA Pimai It's Thai Restaurant
**Correspondence:** PETER K CHU
LAW OFFICES OF PETER K CHU
601 WEST 5TH STREET, SUITE 800
LOS ANGELES, CA 90071-2009
UNITED STATES
peter.chu@pkchulaw.com
**Serial #:** 85366487     Application File                 **Registration #:** 4394561
**Application Status:** Registered
**Mark:** PIMAI IT'S THAI

## Plaintiff

**Name:** It's Thai LLC
**Correspondence:** JARINTORN TANATCHASAI
18411 CRENSHAW BLVD #424
TORRANCE, CA 90504
UNITED STATES
jtanatchasai@hotmail.com
**Serial #:** 85414757     Application File
**Application Status:** Report Completed Suspension Check - Case Still Suspended
**Mark:** IT'S THAI
**Serial #:** 85405237     Application File                 **Registration #:** 4184333
**Application Status:** Registered
**Mark:** IT'S THAI HOMETAURANT
**Serial #:** 85420942     Application File
**Application Status:** Report Completed Suspension Check - Case Still Suspended
**Mark:** IT'S THAI NOODLE N MORE

## Prosecution History

| #  | Date       | History Text                        | Due Date |
|----|------------|-------------------------------------|----------|
| 13 | 07/30/2013 | TERMINATED                          |          |
| 12 | 07/30/2013 | BD DECISION: DISMISSED W/ PREJ      |          |
| 11 | 07/03/2013 | W/DRAW OF OPPOSITION                |          |
| 10 | 06/25/2013 | PROCEEDINGS RESUMED                 |          |
| 9  | 05/06/2013 | D MOTION TO RESUME PROCEEDING       |          |
| 8  | 03/08/2013 | SUSP PEND DISP OF CIVIL ACTION      |          |
| 7  | 02/25/2013 | P REQ TO W/DRAW AS ATTORNEY         |          |

**33**

USPTO TTABVUE. Trademark Trial and Appeal Board Inquiry System

| | | | |
|---|---|---|---|
| 6 | 08/20/2012 | SUSP PEND DISP OF CIVIL ACTION | |
| 5 | 08/17/2012 | D MOT TO SUSP PEND DISP CIV ACTION | |
| 4 | 06/05/2012 | ANSWER | |
| 3 | 05/09/2012 | PENDING, INSTITUTED | |
| 2 | 05/09/2012 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | 06/18/2012 |
| 1 | 05/09/2012 | FILED AND FEE | |

Results as of 09/25/2013 02:22 PM

**Search:** [                    ]

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY POLICY

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Sep 25 03:20:38 EDT 2013*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

**Logout**   Please logout when you are done to release system resources allocated for you.

**Start**   List At: [          ]   OR   **Jump**   to record: [          ]   **Record 4 out of 8**

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# IT'S THAI HOMETAURANT

| Word Mark | IT'S THAI HOMETAURANT |
|---|---|
| Goods and Services | IC 043. US 100 101. G & S: Restaurant and catering services, including restaurant carryout; restaurants featuring home delivery. FIRST USE: 20081125. FIRST USE IN COMMERCE: 20081125 |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 85405237 |
| Filing Date | August 23, 2011 |
| Current Basis | 1A |
| Original Filing Basis | 1B |
| Published for Opposition | February 28, 2012 |
| Registration Number | 4184333 |
| Registration Date | July 31, 2012 |
| Owner | (REGISTRANT) ITS THAI LLC LIMITED LIABILITY COMPANY CALIFORNIA 1311 GLENDALE BLVD LOS ANGELES CALIFORNIA 90026 |

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Christopher Ditico |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "THAI" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

36



## United States Patent and Trademark Office

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



## TTABVUE. Trademark Trial and Appeal Board Inquiry System

v1.5

# Opposition

**Number:** 91205084      **Filing Date:** 05/09/2012

**Status:** Terminated      **Status Date:** 07/30/2013

**Interlocutory Attorney:** ANDREW P BAXLEY

**Defendant**

**Name:** Tritaporn Sirisup DBA Pimai It's Thai Restaurant

**Correspondence:** PETER K CHU
LAW OFFICES OF PETER K CHU
601 WEST 5TH STREET, SUITE 800
LOS ANGELES, CA 90071-2009
UNITED STATES
peter.chu@pkchulaw.com

**Serial #:** 85366487    Application File      **Registration #:** 4394561

**Application Status:** Registered

**Mark:** PIMAI IT'S THAI

**Plaintiff**

**Name:** It's Thai LLC

**Correspondence:** JARINTORN TANATCHASAI
18411 CRENSHAW BLVD #424
TORRANCE, CA 90504
UNITED STATES
jtanatchasai@hotmail.com

**Serial #:** 85414757    Application File

**Application Status:** Report Completed Suspension Check - Case Still Suspended

**Mark:** IT'S THAI

**Serial #:** 85405237    Application File      **Registration #:** 4184333

**Application Status:** Registered

**Mark:** IT'S THAI HOMETAURANT

**Serial #:** 85420942    Application File

**Application Status:** Report Completed Suspension Check - Case Still Suspended

**Mark:** IT'S THAI NOODLE N MORE

**Prosecution History**

| # | Date | History Text | Due Date |
|---|------|--------------|----------|
| 13 | 07/30/2013 | TERMINATED | |
| 12 | 07/30/2013 | BD DECISION: DISMISSED W/ PREJ | |
| 11 | 07/03/2013 | W/DRAW OF OPPOSITION | |
| 10 | 06/25/2013 | PROCEEDINGS RESUMED | |
| 9 | 05/06/2013 | D MOTION TO RESUME PROCEEDING | |
| 8 | 03/08/2013 | SUSP PEND DISP OF CIVIL ACTION | |
| 7 | 02/25/2013 | P REQ TO W/DRAW AS ATTORNEY | |

37

| 6 | 08/20/2012 | SUSP PEND DISP OF CIVIL ACTION | |
|---|---|---|---|
| 5 | 08/17/2012 | D MOT TO SUSP PEND DISP CIV ACTION | |
| 4 | 06/05/2012 | ANSWER | |
| 3 | 05/09/2012 | PENDING, INSTITUTED | |
| 2 | 05/09/2012 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | 06/18/2012 |
| 1 | 05/09/2012 | FILED AND FEE | |

Results as of 09/25/2013 02:23 PM          **Search:** [                    ]

| .HOME | INDEX| SEARCH | *e*BUSINESS | CONTACT US | PRIVACY POLICY

EXHIBIT "6"

Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov

ESTTA Tracking number:    **ESTTA471531**

Filing date:    **05/09/2012**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

# Notice of Opposition

Notice is hereby given that the following party opposes registration of the indicated application.

## Opposer Information

| | |
|---|---|
| Name | IT'S THAI LLC |
| Granted to Date of previous extension | 05/09/2012 |
| Address | 1311 Glendale Blvd<br>Los Angeles, CA 90026<br>UNITED STATES |

| | |
|---|---|
| Attorney information | JENNIE CHENG<br>RAJ ABHYANKER P.C.<br>1580 W. EL CAMINO REALSUITE 8<br>MOUNTAIN VIEW, CA 94040<br>UNITED STATES<br>jennie@rajpatent.com, trademarks@rajpatent.com Phone:650-965-8731 |

## Applicant Information

| Application No | 85366487 | Publication date | 01/10/2012 |
|---|---|---|---|
| Opposition Filing Date | 05/09/2012 | Opposition Period Ends | 05/09/2012 |
| Applicant | TRITAPORN SIRISUP<br>5833 FRANKLIN AVE<br>LOS ANGELES, CA 90028<br>UNITED STATES | | |

## Goods/Services Affected by Opposition

Class 043. First Use: 2007/08/15 First Use In Commerce: 2007/08/15
All goods and services in the class are opposed, namely: Restaurant services, including sit-down service of food and take-out restaurant services

## Grounds for Opposition

| Priority and likelihood of confusion | Trademark Act section 2(d) |
|---|---|

## Marks Cited by Opposer as Basis for Opposition

| U.S. Application No. | 85414757 | Application Date | 09/03/2011 |
|---|---|---|---|
| Registration Date | NONE | Foreign Priority Date | NONE |
| Word Mark | IT'S THAI | | |

| Design Mark |  |
|---|---|
| Description of Mark | The mark consists of the word "IT'S THAI" where in the words "IT'S" is written in orange color and "THAI" is in red color, these words are underlined by two crossed chopstick in combination of orange and red color as shown in the mark. |
| Goods/Services | Class 043. First use:<br>Restaurant services |

| U.S. Application No. | 85405237 | Application Date | 08/23/2011 |
|---|---|---|---|
| Registration Date | NONE | Foreign Priority Date | NONE |
| Word Mark | IT'S THAI HOMETAURANT | | |
| Design Mark |  | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 043. First use:<br>Restaurant and catering services, including restaurant carryout; restaurants featuring home delivery | | |

| U.S. Application No. | 85420942 | Application Date | 09/13/2011 |
|---|---|---|---|
| Registration Date | NONE | Foreign Priority Date | NONE |
| Word Mark | IT'S THAI NOODLE N MORE | | |
| Design Mark |  | | |

| Description of Mark | The mark consists of the literal elements IT'S THAI, NOODLE N MORE written in stylized form wherein the word IT'S is written in orange color and the word THAI written in red color beneath it the words NOODLE N MORE are written in shades of red and orange color and the words IT'S THAI are underlined by the image of chop sticks in shades of red and orange color as shown in the mark. |
|---|---|
| Goods/Services | Class 043. First use: Restaurant services |

| Attachments | 85414757#TMSN.jpeg ( 1 page )( bytes )<br>85405237#TMSN.jpeg ( 1 page )( bytes )<br>85420942#TMSN.jpeg ( 1 page )( bytes )<br>PIMAI ITS THAI 85366487 NOP.pdf ( 4 pages )(311910 bytes ) |
|---|---|

## Certificate of Service

The undersigned hereby certifies that a copy of this paper has been served upon all parties, at their address record by First Class Mail on this date.

| Signature | /Jennie Cheng/ |
|---|---|
| Name | JENNIE CHENG |
| Date | 05/09/2012 |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
TRADEMARK TRIAL AND APPEAL BOARD

In the Matter of Application Serial No. 85/366,487
Published in the *Official Gazette* on January 10, 2012
Trademark:  **PIMAI IT'S THAI**

| | |
|---|---|
| IT'S THAI LLC, | x |
|      Opposer, | : |
|     v. | : |
| TRITAPORN SIRISUP, | : |
|     Applicant. | : |
| | x |

Opposition No. _____

## NOTICE OF OPPOSITION

It's Thai LLC ("Opposer"), a California Limited Liability Company having a principal place of business at 1311 Glendale Blvd, Los Angeles, California 90026, believes it is and will continue to be damaged by the Applicant's registration of the mark PIMAI IT'S THAI set forth in Serial No. 85/366,487 for services in International Class 43 and hereby opposes the same.

As grounds for opposition, Opposer alleges as follows:

1.     Opposer has obtained the necessary extensions of time in which to oppose the challenged trademark following publication on January 10, 2012 in the *Official Gazette*.

2.     On information and belief, Applicant, TRITAPORN SIRISUP ("Applicant"), is seeking to register the mark PIMAI IT'S THAI in Application No. 85/366,487 as a trademark for "Restaurant services, including sit-down service of food and take-out restaurant services" in

1

International Class 43 as evidenced by the publication of such mark in the *Official Gazette* on January 10, 2012 ("Applicant's Mark").

     3.     Applicant is, upon information and belief, an individual with Citizenship of Thailand with an address at 5833 Franklin Ave, Los Angeles, California, 90028.

     4.     Opposer is the owner of the applications for registration of the marks IT'S THAI & Design, Application Serial No. 85/414,757, IT'S THAI HOMETAURANT, Application Serial No. 85/405,237, and IT'S THAI NOODLE N MORE & Design, Application Serial No. 85/420,942 (collectively, the "IT'S THAI Marks").

     5.     Opposer has, since at least as early as 2006, used variations of the mark "IT'S THAI" and has established valuable goodwill with respect to the variations of "IT'S THAI".

     6.     Opposer's applications for registration of the marks IT'S THAI & Design, Application Serial No. 85/414,757 and IT'S THAI NOODLE N MORE & Design, Application Serial No. 85/420,942 are currently suspended pending the outcome of Applicant's Application No. 85/366,487.  Accordingly, it is Opposer's belief that if Applicant is allowed to register the opposed mark herein, Opposer will suffer irreparable harm and damage.

     7.     The mark for which the Applicant seeks registration, namely, PIMAI IT'S THAI, is closely related to Opposer's IT'S THAI Marks, and both parties' marks are designed for use of services which are related to Opposer's services.

     8.     Since the mark and services as described in the application are closely related to Opposer's IT'S THAI Marks and services, confusion and deception as to the origin of the Applicant's services bearing the mark would occur, all to the damage and detriment of Opposer. Such use would cause confusion in trade resulting to damage and injury to the Opposer.

2

9.     The Applicant's use or registration of the mark PIMAI IT'S THAI in connection with its designated services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Applicant with Opposer, or as to the origin, sponsorship or approval of Applicant's services by Opposer.  Persons familiar with Opposer's IT'S THAI Marks would be likely to buy or use Applicant's PIMAI IT'S THAI services as services offered and sold by Opposer.

10.     If Applicant is granted the registration herein opposed, such registration would be a source of damage and injury to Opposer.


WHEREFORE, Opposer prays that the opposition be sustained and that the Application Serial No. 85/366,487 for the mark PIMAI IT'S THAI be refused for registration.


Date: May 9, 2012                                    Respectfully submitted,

                                                     RAJ ABHYANKER, P.C.


                                                     By: _____
                                                           Jennie Cheng, Esq.

                                                     1580 W. El Camino Real, Suite 8
                                                     Mountain View, CA 94040
                                                     Phone: (650) 965-8731
                                                     Fax: (650) 989-2131
                                                     Attorneys for Opposer

3

### CERTIFICATE OF SERVICE

I certify that a true and complete copy of the foregoing NOTICE OF OPPOSITION was forwarded by first class postage pre-paid mail by depositing the same with the United States Postal Service on this 9th day of May, 2012, to the following:

Peter K. Chu
Law Offices of Peter K. Chu
601 W. 5th Street, Suite 800
Los Angeles, CA 90071

Date: May 9, 2012

By: _____
Jennie Cheng, Esq.

RAJ ABHYANKER, P.C.
1580 W. El Camino Real, Suite 8
Mountain View, CA 94040
Attorneys for Opposer

4

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Dean D. Pregerson_____ and the assigned Magistrate Judge is _____Patrick J. Walsh_____ .

The case number on all documents filed with the Court should read as follows:

### 2:13-CV-7246-DDP (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____October 1, 2013_____
Date

By  MDAVIS_____
Deputy Clerk

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

Peter K. Chu (SBN 251705)
Benjamin Hung (SBN 275361)
Law Offices of Hung & Chu,
388 E. Valley Blvd., Suite 221
Alhambra, CA 91801
Tel: (213) 225-5878

# ORIGINAL

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

TRITAPORN SIRISUP, an individual; and SIRISUP, INC., a California corporation,

PLAINTIFF(S)

v.

It's Thai, L.L.C., a California limited liability Company; It's Thai Canteen, L.L.C., a California limited liability Company, Rurk Supthong, an individual; Sirin Rangsiyachat, an individual; and DOES 1 through 10.

DEFENDANT(S).

CASE NUMBER

**CV13-07246**-DDP(PJW)

**SUMMONS**

TO:      DEFENDANT(S): _____
_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Peter K. Chu _____, whose address is 388 E. Valley Blvd., Suite 221, Alhambra, CA 91801 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __OCT - 1 2013__

By: _____
Deputy Clerk

*(Seal of the Court)*

1227

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                      **SUMMONS**

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
TRITAPORN SIRISUP, an individual; and SIRISUP, INC., a California corporation,

**DEFENDANTS**
IT'S THAI, L.L.C., a California limited liability Company; IT'S THAI CANTEEN, L.L.C., a California limited liability Company; RURK SUPTHONG, an individual; SIRIN RANGSIYACHAT, an individual; and DOES 1 through 10.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Peter K. Chu (SBN 251705); Benjamin Hung (SBN 275361)
Law Offices of Hung & Chu, 388 E. Valley Blvd., Suite 221
Alhambra, CA 91801, (213) 225-5878

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No       ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Service Mark Infringement;Federal Unfair Competition;False Designation Of Origin;Dilution;Trade Dress Infringement; State Common Law Service Mark

**VII. NATURE OF SUIT** (Place an X in one box only.)       Infringement;Unfair Competition Under Ca Business & Professions Code §17200 Et Seq

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

## CV13-07246

**FOR OFFICE USE ONLY:**   Case Number: _____

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
   ☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
   ☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):   /s/ PETER K. CHU _____   Date   September 24, 2013

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |