O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRITAPORN SIRISUP, an individual; and SIRISUP, INC., a California corporation, | ) ) ) ) ) | Case No. CV 13-07246 DDP (PJWx) **ORDER DENYING MOTION TO DISQUALIFY COUNSEL** |
| Plaintiffs, | ) ) | [Dkt. No. 51.] |
| v. | ) ) | |
| IT'S THAI, L.L.C, a California limited liability company; IT'S THAI CANTEEN, L.L.C, a California limited liability company; RUK SUPTHONG, an individual; SIRIN RANGSIYACHAT, an individual, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendants in this case move to disqualify Plaintiffs' attorney Peter Chu as well as his law firm, Law Offices of Wong, Hung, and Chu ("WHC").

**I.  BACKGROUND**

The case is a trademark dispute that has been pending since October 2013. (Dkt. No. 1.) In July of 2014, one of the attorneys for the Plaintiffs appears to have briefly entered into an

agreement to represent two members of an LLC that is one of the Defendants in this case. (Mot. Disqualify at 5:24-28.) Mr. Chu claims only to have represented the two members and not the LLC itself. This seems borne out by the letter of July 29, 2014, in which the attorney seems clearly to be representing the two members' interests against the LLC and the other members. (Decl. Peter Chu, Ex. 2.) According to the attorney, the representation was only six days in length and appears to involved going to just one board meeting. (Decl. Peter Chu, ¶ 16.) He eventually withdrew as counsel because he perceived a conflict of interest as between the two members he was representing. (Id. at ¶ 15.)

Defendants argue that because Mr. Chu was retained in a matter relating to "governance" of the LLC, "it is inevitable that WHC will gain access through the company's books, documents, and records, and have intimate knowledge of the inner workings of the company." (Mot. Disqualify at 5:25-28.) Apparently arguing that Mr. Chu actually represented the LLC, (Id. at 8:6, 8:13, 8:24), Defendants state that he was "required to look into the confidential books, records, and documents of the company." (Id. at 8-9.) Defendants also assert that "it would be impossible for WHC to inspect files related to corporate governance without being exposed to trademark files that are the subject of the present case." (Id. at 9:4-6.) Therefore, they argue, he (and his firm, which is small) should be disqualified from representing Plaintiff in this matter.

**II. LEGAL STANDARDS**

There is some discrepancy in the law to be applied to attorney disqualification cases. The general rule is that "the district

2

court has primary responsibility for controlling the conduct of attorneys practicing before it." Paul E. Iacono Structural Eng'r, Inc. v. Humphrey, 722 F.2d 435, 438 (9th Cir. 1983). Additionally, in the Ninth Circuit, courts "apply state law in determining matters of disqualification." In re Cnty. of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000).[1] Thus, when a district court adopts a state professional code and relevant court decisions in its local rules, those sources of authority act as "applicable law" when the district court rules on a motion to disqualify an attorney. Id. at 439-40. The Central District has adopted "the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto." L.R. 83-3.1.2.

The California Rules of Professional Conduct state that "[a] member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment." Rule 3-310(E). California courts of appeal have held that where the relationship between the former representation and the current representation is "substantial," "courts will conclusively presume the attorney possesses confidential information adverse to the former client." H. F. Ahmanson & Co. v. Salomon Bros., Inc., 229 Cal. App. 3d 1445, 1452

---

[1] But see also In re Snyder, 472 U.S. 634, 646, 105 S. Ct. 2874, 2881, 86 L. Ed. 2d 504 (1985) (noting that attorney *discipline* in federal courts is conducted under federal, not state, law).

3

(Ct. App. 1991); see also Jessen v. Hartford Cas. Ins. Co., 111 Cal. App. 4th 698, 709 (2003) (a "direct" attorney-client relationship in substantially similar cases results in presumption of shared confidential information and hence conflict).

On the other hand, the California Supreme Court treats this presumption as qualified, holding only that "the attorney is presumed to possess confidential information if the subject of the prior representation put the attorney in a position in which confidences material to the current representation would normally have been imparted to counsel." City & Cnty. of San Francisco v. Cobra Solutions, Inc., 38 Cal. 4th 839, 847 (2006). The Ninth Circuit, meanwhile, has propagated its own, separate standard, which creates a presumption of sharing of confidential information if there is a "reasonable possibility" that it was shared. Trone v. Smith, 621 F.2d 994, 1000 (9th Cir.1980). The Trone standard is still frequently cited by the circuit courts in California. E.g., Beltran v. Avon Products, Inc., 867 F. Supp. 2d 1068, 1077 (C.D. Cal. 2012); Cuevas v. Joint Benefit Trust, No. 13-CV-00045-JST, 2013 WL 4647404, at *3 (N.D. Cal. Aug. 29, 2013). The two standards can probably be reconciled, however, if courts assume that a "reasonable possibility" of confidence-sharing exists if the "subject of prior representation" is one in which "confidences material to the current representation would normally have been imparted to counsel."

Apart from the issue of when the presumption applies, the Court must also bear in mind that the "court's authority to disqualify an attorney or craft appropriate relief to punish or deter attorney misconduct derives from the court's equitable

4

powers," and as such equitable considerations like waiver and estoppel apply. <u>UMG Recordings, Inc. v. MySpace, Inc.</u>, 526 F. Supp. 2d 1046, 1062 (C.D. Cal. 2007). The California Supreme Court has similarly noted that "a disqualification motion may involve such considerations as a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden on a client to replace disqualified counsel, and *the possibility that tactical abuse underlies the disqualification motion*." <u>People ex rel. Dep't of Corporations v. SpeeDee Oil Change Sys., Inc.</u>, 20 Cal. 4th 1135, 1145, 980 P.2d 371, 377-78 (1999) (emphasis added). Thus, where "delay in making the disqualification motion" is "unreasonable" and the "resulting prejudice" is "great," the court will "assume an implied waiver of the right to disqualify." <u>River W., Inc. v. Nickel</u>, 188 Cal. App. 3d 1297, 1313 (Ct. App. 1987); <u>Trust Corp. of Montana v. Piper Aircraft Corp.</u>, 701 F.2d 85, 87 (9th Cir. 1983) ("[A] former client who is entitled to object to an attorney representing an opposing party on the ground of conflict of interest but who knowingly refrains from asserting it promptly is deemed to have waived that right.").

**III. DISCUSSION**

In this case, Defendants do not allege, or present evidence suggesting, that Mr. Chu actually received confidential information about the LLC. Rather, Defendants rely on the presumption of confidence-sharing under California law. (Mot. Disqualify at 9:16-21.) But the Court is not convinced that the presumption applies here. Reading <u>Cobra Solutions</u> and <u>Trone</u> together, the Court concludes that the presumption only applies where the nature of the

prior representation is such that information *material to the present representation* would normally be shared.

Here, the prior representation was regarding "corporate governance" issues – the removal of the client officers from certain positions within the company – while the present representation is regarding trademark issues. Trademark-related information is not the kind that would normally be shared with an attorney in order to resolve a debate about the removal of corporate officers. See <u>Merle Norman Cosmetics, Inc. v. U.S. Dist. Court, Cent. Dist. of California</u>, 856 F.2d 98, 100 (9th Cir. 1988) (no substantial relationship and no disqualification for prior representation on trademark matters, when present representation was regarding anticompetitive practices); <u>cf.</u> <u>Trone</u>, 621 F.2d at 1000 (disqualification warranted where "the subject matters of the professional representation undertaken in each case were . . . interlinked by reason of common factual background"). Additionally, the relationship in the governance matter was "aborted before any significant work had been done," which also tends to show that confidences are unlikely to have been shared. <u>Id.</u> The Court finds that the presumption that confidential information was shared does not apply in this circumstance. As there has been no *factual* showing that confidential information was shared, the Court does not find grounds for disqualification.

Additionally, the Court notes that the Defendant LLC and its officers must have known of the conflicting representation immediately, in July 2014. That Defendants waited some six months to file a motion to disqualify suggests both waiver of the right to disqualify and that the motion is a "tactical abuse" of the

6

procedure. The motion is unreasonably delayed, and prejudice would surely result to Plaintiffs if the counsel they have relied on for more than a year were disqualified at this stage. Accordingly, equitable considerations also favor denying the motion.[2]

**IV. CONCLUSION**

For the foregoing reasons, the motion to disqualify Mr. Chu and WHC as counsel is hereby DENIED.

IT IS SO ORDERED.

Dated: January 29, 2015

DEAN D. PREGERSON
United States District Judge

---

[2] The Court does not, however, approve of Mr. Chu's actions. The fact that there does not appear to have been an actual breach of confidence and that Defendants have waived their argument does not mean that Mr. Chu's representation of officers of an opposing party in an ongoing case was unproblematic.

7