O

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRITAPORN SIRISUP, an individual; and SIRISUP, INC., a California corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>IT'S THAI, L.L.C., a California limited liability company; IT'S THAI CANTEEN, L.L.C., a California limited liability company; RURK SUPTHONG, an individual; SIRIN RANGSIYACHAT, an individual,<br><br>                    Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV 13-07246 DDP (PJWx)<br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO ATTORNEYS' FEES**<br><br>[Dkt. No. 106] |

Presently before the Court is Defendants/Counterclaimants' (collectively, "Defendants") Partial Motion for Summary Judgment as to Attorneys' Fees. (Dkt. No. 106.) After hearing oral argument and considering the parties' submissions, the Court adopts the following Order.

**I. BACKGROUND**

The facts of this case are familiar to the parties and the

1    Court.  (See Amended Order, Dkt. No. 94.)  After the Court's
2    Amended Order on October 21, 2015, the only remaining cause of
3    action in the case is the breach of the settlement agreement
4    counterclaim.  (See id.)  At the final pretrial conference, the
5    parties discussed that the last remaining issue is the value of
6    that claim because there is no dispute over the fact that the
7    settlement agreement was breached by Plaintiffs bringing this
8    lawsuit.  The value of the claim, Defendants argued, was the amount
9    of attorneys' fees Defendants incurred, though Plaintiffs argued
10   there was no provision for attorneys' fees in the settlement
11   agreement.  Therefore, the Court ordered the parties to address the
12   issue of attorneys' fees — both its legal and factual basis — in a
13   motion for summary judgment on attorneys' fees that would dispose
14   of the case.  (See Minutes of Status Conference re: Final Pretrial
15   Conference, Dkt. No. 105.)

16   **II. LEGAL STANDARD**

17        Summary judgment is appropriate where the pleadings,
18   depositions, answers to interrogatories, and admissions on file,
19   together with the affidavits, if any, show "that there is no
20   genuine dispute as to any material fact and the movant is entitled
21   to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party
22   seeking summary judgment bears the initial burden of informing the
23   court of the basis for its motion and of identifying those portions
24   of the pleadings and discovery responses that demonstrate the
25   absence of a genuine issue of material fact.  See Celotex Corp. v.
26   Catrett, 477 U.S. 317, 323 (1986).  All reasonable inferences from
27   the evidence must be drawn in favor of the nonmoving party.  See
28   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 242 (1986).  If the

moving party does not bear the burden of proof at trial, it is entitled to summary judgment if it can demonstrate that "there is an absence of evidence to support the nonmoving party's case." <u>Celotex</u>, 477 U.S. at 323.

Once the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 256. Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." <u>Anderson</u>, 477 U.S. at 248. There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

It is not the court's task "to scour the record in search of a genuine issue of triable fact." <u>Keenan v. Allan</u>, 91 F.3d 1275, 1278 (9th Cir. 1996). Counsel has an obligation to lay out their support clearly. <u>Carmen v. San Francisco Sch. Dist.</u>, 237 F.3d 1026, 1031 (9th Cir. 2001). The court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." <u>Id.</u>

///

**III. DISCUSSION**

    **A.   Defendants' Motion**

      Pursuant to the Court's Order, Defendants have filed a Motion for Partial Summary Judgment as to Attorneys' Fees. (Mot. Summ. J. ("MSJ"), Dkt. No. 106.) The Motion contains no exhibits that support the claimed attorneys' fees amount or hours worked. There is a declaration from one of Defendants' attorneys that states the total hours worked by each different attorney. (Decl. Zeiler.) In the Reply, Defendants attached redacted versions of their timekeeping records that state the hours worked and tasks done, though not the rates charged.[1] (See Reply, Decl. Ko & Ex. 3, Dkt. No. 112.) The Reply also includes a correction to the total number of hours worked as stated in the Zeiler Declaration. (Id. Decl. Ko.)[2] The rates Defendants request the Court use for the four attorneys range from $180/hour to $435/hour; the rates are based on "the U.S. Attorney's published Laffey Matrix." (MSJ at 6, Ex. 2.) Neither the total amount requested by Defendants nor the actual hourly rates charged are provided in the MSJ or the Reply.

      Substantively, Defendants argue they are entitled to attorneys' fees as costs courts can award to a prevailing party under California law. (MSJ at 1 (citing Cal. Civ. Pro. § 1033.5(a)(10) (attorneys' fees as costs if authorized by contract, statute, or law); Cal. Civ. § 1717 (award of attorneys' fees on

---

    [1]   In the Motion papers, Defendants noted that they "will lodge [their] hourly billings for an itemized breakdown of incurred fees." (MSJ at 6.) The Court assumes that this was provided in the Reply.

    [2]   At oral argument, counsel for Defendants explained that the correction and lodgment of the billing hours was done after co-counsel returned to the country.

1 contract action); Reply at 3-4.)  Defendants also argue that this
2 case is an "exceptional" case warranting attorneys' fees under the
3 Lanham Act.  (Id. at 1-5 (citing 15 U.S.C. § 1117(a); Reply at 3.)

4     **B.   Plaintiffs' Opposition**

5     Plaintiffs oppose the imposition of attorneys' fees, claiming
6 there is no legal basis for it in the Lanham Act, California law,
7 or the contract.  (Opp'n at 5-10.)  Plaintiffs argue this is not an
8 "exceptional" case under the Lanham Act because their case was not
9 "groundless, unreasonable, vexatious, or pursued in bad faith,"
10 which is required in the Ninth Circuit to award fees.  (Id. at 8
11 (quoting Stephen W. Boney, Inc. v. Boney Servs., 127 F.3d 821, 827
12 (9th Cir. 1997).)  According to Plaintiffs, this case was based on
13 debatable issues, including actions by the U.S. Patent & Trademark
14 Office that led Plaintiffs to file this lawsuit.  (Id. (citing
15 Halicki Films, LLC v. Sanderson Sales & Mktg., 547 F.3d 1213, 1230-
16 31 (9th Cir. 2008).)

17     **C.   Court's Analysis**

18     *First,* the settlement agreement in this case does not include
19 a provision for attorneys' fees other than to state: "Each party
20 shall bear their own attorneys' fees and costs incurred in and/or
21 in connection with the Superior Court Action and in the negotiation
22 and preparation of this Agreement."  (MSJ, Ex. 1, Settlement
23 Agreement, Provision 7.)  This does not provide for the imposition
24 of attorneys' fees in this case, which is not the Superior Court
25 Action or the negotiation and preparation of the settlement
26 agreement.

27     *Second*, under California law as cited by Defendants, there are
28 no grounds for the Court to impose attorneys' fees even if the

1  Court were inclined to exercise its discretion to do so.
2  Attorneys' fees can be billed as costs only where the contract, a
3  statute, or law provides that attorneys' fees can be awarded to the
4  prevailing party.  Cal. Civ. Pro. § 1033.5(a)(10).  Here, the
5  parties' contract does not provide for awarding attorneys' fees,
6  and no statute or law pointed to by Defendants provides so either.
7  Section 1717 allows for attorneys' fees to be awarded when the
8  contract so provides.  Cal. Civ. § 1717(a) ("In any action on a
9  contract, where the contract specifically provides that attorney's
10  fees and costs, which are incurred to enforce that contract, shall
11  be awarded either to one of the parties or to the prevailing party,
12  then the party who is determined to be the party prevailing on the
13  contract, whether he or she is the party specified in the contract
14  or not, shall be entitled to reasonable attorney's fees in addition
15  to other costs.").  Thus, even though Defendants are the prevailing
16  party, there is no basis in California law or the contract to award
17  attorneys' fees because the contract did not provide for fees to be
18  awarded to a prevailing party or otherwise.[3]

19      *Third*, the Court holds that the Lanham Act does not call for
20  an award of fees in this case.  The Lanham Act does allow a court
21  to award attorneys' fees: "The court in exceptional cases may award
22  reasonable attorney fees to the prevailing party."  15 U.S.C. §
23  1117(a).  The award of fees is discretionary.  Stephen W. Boney,
24  Inc., 127 F.3d at 825.  To determine whether to award attorneys'
25  fees, the Ninth Circuit examines whether the case was "groundless,

---

[3]   Even if there were a legal basis for attorneys' fees under California law and the matter were solely in the Court's discretion, the Court would decline to award attorneys' fees based on lack of good cause shown.

6

1  unreasonable, vexatious, or pursued in bad faith." Id. at 827
2  (quoting Scott Fetzer Co. v. Williamson, 101 F.3d 549 (8th Cir.
3  1996)).  In the Boney case, the Ninth Circuit found the lower
4  court's decision not to award attorneys' fees was appropriate
5  because the case was "not frivolous and raised debatable issues of
6  law and fact."  Id.
7       Here, the Court does not find attorneys' fees appropriate
8  under the Lanham Act.  Defendants are the prevailing parties in the
9  case based on their successful breach of settlement agreement
10 counterclaim.  However, this case was not exceptional such that
11 attorneys' fees should be awarded against Plaintiffs.  There were
12 reasonable debates of law and fact here, as demonstrated by the
13 complicated factual record developed in the Motion for Summary
14 Judgment and the Motion for Judgment on the Pleadings.  (Dkt. Nos.
15 63, 79.)  Further, there is no evidence of bad faith, vexatious
16 litigation, or groundless or unreasonable conduct by the Plaintiffs
17 in this case.[4]  Therefore, this is not an "exceptional" case and no
18 attorneys' fees are warranted.
19 ///
20 ///
21 ///
22 ///
23
24       [4]   The Court also holds that the case is not an
25 "exceptional" case under the standard announced by the U.S. Supreme
   Court in the patent case Octane Fitness, LLC v. Icon Health &
26 Fitness, Inc., 134 S. Ct. 1749, 1756 (2014) ("We hold, then, that
   an 'exceptional' case is simply one that stands out from others
27 with respect to the substantive strength of a party's litigating
   position (considering both the governing law and the facts of the
28 case) or the unreasonable manner in which the case was
   litigated.").

**IV. CONCLUSION**

        For the foregoing reasons, Defendants' Motion for Partial Summary Judgment as to Attorneys' Fees is DENIED.

IT IS SO ORDERED.

Dated: April 4, 2016

                                        DEAN D. PREGERSON
                                        United States District Judge